U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT - 2 2015

TONY R. MOORE, CLERK
BY _____ MB
                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**MICHAEL COBB**                              **CIV. ACTION NO. 14-0745**

**-vs-**                                      **JUDGE DRELL**

**VICTOR JONES, SHERIFF OF**
**NATCHITOCHES PARISH, in his**
**official capacity, NATCHITOCHES**
**PARISH SHERIFF'S DEPARTMENT and**
**DEPUTY HERMAN GLENN SERS,**
**individually and in his official capacity**   **MAGISTRATE JUDGE KIRK**

---

### MEMORANDUM RULING

Before the court is Defendants' Motion for Summary Judgment (Doc. 20) in which Defendants seek dismissal of all claims against them in the above-captioned civil rights suit. For the reasons expressed below, the court finds that Defendants' motion should be GRANTED in part and DENIED in part.

## I.   BACKGROUND

### A.   Relevant Facts

This suit arises out of an altercation which occurred on or about April 6, 2013 at the home of Dorothy Conlay ("Conlay"). Plaintiff, Michael Cobb, ("Plaintiff" or "Cobb") asserts that he visited Conlay, his mother-in-law, in order to discuss his concerns about his daughter's welfare because his daughter was in the custody of her mother, Conlay's daughter, whom Plaintiff suspected to be on a "meth binge." Plaintiff alleges that, while at Conlay's home, his brother-in-law, Sylvian LeVasseur ("LeVasseur"), called Plaintiff

1

outside and began arguing with him.

Plaintiff asserts that Deputy Herman Glenn Sers ("Deputy Sers"), an off-duty Natchitoches Parish Sheriff's Deputy, arrived in his personal vehicle and parked in Conlay's driveway, observing the ongoing argument between Plaintiff and LeVasseur. Plaintiff alleges that he withdrew from the argument and was walking back toward the house when LeVasseur threatened that "he had a gun and knew how to use it." Plaintiff admits that, upon hearing this threat, he turned around and struck LeVasseur twice, knocking him unconscious. Plaintiff recalls that he then turned back around and resumed his route to the house to continue speaking with Conlay.

Plaintiff alleges that, as he was walking back to the house, Deputy Sers "came running from behind Plaintiff and, without warning or identification, stomped on the side of Plaintiff's left ankle, causing…a blister fracture…" Plaintiff asserts that Deputy Sers placed him in handcuffs and, while Plaintiff was handcuffed and lying on his stomach, punched Plaintiff twice in the head. Plaintiff recalls that Deputy Sers then took out his cell phone and handed it to LeVasseur, who had regained consciousness, and advised him to press charges against Plaintiff, adding that he didn't trust Plaintiff. Plaintiff also recalls that Deputy Sers advised the bystanders not to feel sorry for him, but to feel sorry for Conlay, instead.

Plaintiff further alleges that Deputy Sers informed the emergency medical personnel arriving at the scene that Plaintiff was a "druggy." LeVasseur filed assault charges against Plaintiff, which were later dismissed. Plaintiff claims that he gave a statement after his arrest regarding the altercation with LeVasseur, but did not include any information about what he now alleges was excessive force and slander by Deputy

Sers.

Plaintiff filed the instant suit against Deputy Sers in his official and individual capacities, Natchitoches Parish Sheriff Victor Jones ("Sheriff Jones") in his official capacity and the Natchitoches Parish Sheriff's Department. Plaintiff asserts federal and Louisiana law claims for excessive force, false arrest, assault and battery, defamation and invasion of privacy and intentional infliction of emotional distress.

Defendants filed the instant motion and, noting that all necessary briefs have been filed, we find the motion is now properly before the court for decision.

### B.   Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011)(internal quotations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

## II.   ANALYSIS

### A.   Plaintiff's Excessive Force Claim Under 42 U.S.C. § 1983

Defendants' motion first challenges Plaintiff's federal excessive force claim on the

3

grounds that Plaintiff is unable to overcome Defendants' affirmative defense of qualified immunity and, for that reason, summary judgment in their favor on this claim is appropriate.[1]

42 U.S.C. § 1983 is not a "source of substantive rights" and is, instead, the mechanism that confers a private right of action to citizens for the redress of federal law violations by those acting under color of state law.[2] An excessive force claim advanced under Section 1983 is analyzed under the Fourth Amendment "objective reasonableness standard."[3] In order to prevail on an excessive force claim, a plaintiff must show that

1.  he was seized;
2.  he was injured;
3.  his injury resulted directly and only from a use of force which was excessive to the need for force; and
4.  the excessiveness of the force used was clearly unreasonable.[4]

In assessing the fourth factor, the court must ask whether or not the officer's actions were "objectively reasonable" in light of the facts and circumstances confronting the officer at the time of the incident, without regard to underlying intent or motivation.[5] The facts "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[6]

---

[1]R. 20-2 at p. 5.

[2]Albright v. Oliver, 510 U.S. 266, 271 (1994) quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Graham v. Connor, 490 U.S. 386 (1989).

[3]Brosseau v. Haugen, 543 U.S. 194 (2004); Graham, 490 U.S. at 395.

[4]Flores v. City of Palacios, 381 F.3d 391 (5th Cir. 2004).

[5]Graham, 490 U.S. at 397 citing Scott v. United States, 436 U.S. 128 (1978).

[6]Id.

In the instant matter, the court finds no dispute among the parties as to the fact that Plaintiff was "seized" and "injured" during the altercation with Deputy Sers.  We note at this point it is immaterial in this case that Deputy Sers was off duty at the time he arrived at Conlay's house to inquire about her safety.  Whether or not an officer is "on duty" is not definitive regarding whether an officer was acting "under color of law."[7] Similarly, even if Plaintiff proves that Deputy Sers was acting for purely personal reasons, the finding that Deputy Sers was acting under color of state law is not foreclosed.[8]  In the instant case, it is undisputed that Deputy Sers seized Plaintiff by tackling him, handcuffing him and preventing him from moving freely until officers from the Natchitoches Police Department arrived at the scene.[9]  Based on the foregoing, we find that Deputy Sers was clearly acting under color of state law when he arrested or seized Cobb.[10]

The parties do not agree to the facts regarding the remaining two (2) factors in the analysis. Defendants assert that Deputy Sers drove to Conlay's house out of concern for her safety and, while turning into her driveway, spotted two men standing in her yard.  Before he could park his vehicle, Deputy Sers asserts that one of the men

---

[7]U.S. v. Tarpley, 945 F.2d 806 (5th Cir. 1991) citing Delcambre v. Delcambre, 635 F.2d 407 (5th Cir. 1981) (per curiam) and Layne v. Sampley, 627 F.2d 12, 13 (6th Cir. 1980).

[8]Tarpley, 945 at 809 citing Brown v. Miller, 631 F.2d 408 (5th Cir. 1980) and United States v. Davila, 704 F.2d 749 (5th Cir. 1983).

[9]Plaintiff's Response to Defendants' Statement of Undisputed Facts [Doc. 27-2] at ¶¶ 10, 12, 14.

[10]U.S. v. Causey, 185 F.3d 407, 413-14 (5th Cir. 1999) quoting, inter alia, Griffin v. Maryland, 378 U.S. 130 (1964) ("'[i]f an individual is possessed of state authority and purports to act under that authority, his action is state action.  It is irrelevant that he might have taken the same action had he acted in a purely private capacity.'").

punched the other, knocking him to the ground.[11] Deputy Sers further recalls that, upon seeing one man punch the other, he quickly parked, exited his vehicle and "tackled [Cobb]" and "[held] him down.[12] Deputy Sers asserts that Plaintiff was combative, struggling against him while on the ground and forcing him to hold Plaintiff down until help arrived.[11]

Plaintiff denies the accuracy of the facts alleged by Defendants. Cobb contrarily asserts that Deputy Sers arrived at Conlay's home before Plaintiff punched LeVasseur, while they were still merely arguing with one another, and sat in his vehicle in the driveway, observing the argument.[12] Plaintiff alleges that, before he punched LeVasseur, he turned away and began walking toward Conlay's house. It was then that LeVasseur threatened him, stating, "'I have a gun and I know how to use it.'"[13] Plaintiff asserts that this threat caused him to react by punching LeVasseur, who fell to the ground. Plaintiff says that, at this point, Deputy Sers exited his vehicle and, as Plaintiff was returning to Conlay's house, ran up behind him, grabbed his neck and head and stomped on his ankle, immediately breaking it and causing him tremendous pain.[14]

---

[11]Deposition of Sers [Doc. 27-4] at 40:2-6.

[12]Id. at 40:7-11; 41:7-8, 24 - 42:12.

[11]Id. at 42:19-21; 49:9-12, 25 - 50:5.

[12]Deposition of Cobb [Doc. 27-3] at 16:10-14, 26:5-20.

[13]Id. at 16:10-15; 26:10-16.

[14]Id. at 16:17-22; 28:14-19. We note that Plaintiff testified that, after the incident, he became aware of information that led him to believe that the physical maneuver he alleges was employed by Deputy Sers to break his ankle is a law enforcement tactic taught to personnel for use in quickly and effectively disabling another person. See, Deposition of Cobb at 33:12 - 35:9.

Plaintiff asserts that he fell to the ground and remained there on his stomach, unable to move, as Deputy Sers handcuffed him and held him down with his knee on Plaintiff's neck.[15] Plaintiff further alleges that Deputy Sers punched Plaintiff in the head twice with his fist while he was lying on the ground handcuffed.[16] Plaintiff also offers the sworn declaration of Jason LeVasseur, another brother-in-law present for a portion of the events at issue, who declares that he witnessed Deputy Sers "strike [Plaintiff] in the head twice" while he was already in handcuffs.[17]

The doctrine of qualified immunity shields government officials from liability for civil damages alleged to result from the performance of discretionary functions, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[18] If a defendant asserts qualified immunity, the burden is on the plaintiff to demonstrate that the defendant is not entitled to the protections of that defense.[19]

In order to determine whether or not a particular defendant is entitled to the defense of qualified immunity, the court may ask: (1) whether the defendant violated the plaintiff's constitutional rights; and (2) whether the defendant's actions were objectively

---

[15]Id. at 16:23 - 17:6; 18:13-20; 25:18-23.

[16]Id. at 17:4-18; 25:14-17.

[17]Declaration of Jason LeVasseur [Doc. 27-5] at ¶ 4.

[18]Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).

[19]McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002).

reasonable in light of clearly established law at the time of the conduct in question.[20] Qualified immunity is available unless the defendant's conduct unless it can be said that no reasonable government official could consider the defendant's conduct lawful under then-existing law and jurisprudence.[21]

The court finds that, as of April 6, 2013, Plaintiff's general right to be free from excessive force under the Fourth Amendment to the U.S. Constitution was clearly established.[22] We similarly find that Plaintiff has alleged facts which, if proven at trial, could support a reasonable fact finder's judgment in Plaintiff's favor on his excessive force claim in this case. While Defendants offer contradictory allegations of fact which, if proven at trial, would likely support their qualified immunity defense, the court cannot weigh these competing proffers and must conclude, at this point, that Defendants are not entitled to the defense of qualified immunity from suit.[23] If, at trial, Defendants' version of the events at issue is found credible by the fact finder, qualified immunity may apply.

---

[20]Pearson v. Callahan, 555 U.S. 223 (2009) (explaining that the two-step qualified immunity analysis announced in Saucier v. Katz, 533 U.S. 194 (2001), is valid, but not mandatory in every case, recognizing that some fact patterns require a more flexible analysis); Brosseau v. Hagen, 543 U.S. 194, 195 n. 2 (2004).

[21]Ashcroft v. al-Kidd, 563 U.S. 731 (2011) citing Anderson v. Creighton, 483 U.S. 635, 640 (1987).

[22]Saucier, 533 U.S. at 204-05; Bush v. Strain, 513 F.3d 492 (5th Cir. 2008) (internal citations omitted).

[23]Tolan v. Cotton, 132 S.Ct. 1861 (2014) (applying the summary judgment standard prohibiting courts from weighing evidence in the context of a qualified immunity analysis). See, also, Thomas v. Winnfield, 2012 WL 1255265 (W.D. La. 4/13/2012) rev'd in part sub nom Thomas v. Nugent, 539 Fed. Appx. 456 (5th Cir. 2013), cert. granted, vacating and remanding, 134 S.Ct. 2289 (2014), remanding, 574 Fed. Appx. 445 (5th Cir. 2014), Civ. Act. No. 08-1167, Ruling and Judgment issued 9/29/2015, Docs. 324, 325.

Defendants' motion will be denied as to Plaintiff's federal excessive force claim.

B.   Negligence under Section 1983

As asserted by Defendants, to the extent that Plaintiff alleges liability based on negligence, such claims must be dismissed.   Given the operable "objective reasonableness" standard, negligence is insufficient as a basis for a constitutional claim under 42 U.S.C. § 1983.[24]

C.   Plaintiff's Deliberate Indifference Claim

Defendants' motion next asserts that Plaintiff's deliberate indifference claim against Deputy Sers should be dismissed for want of evidence to support such claim. Our review of Plaintiff's opposition leads us to conclude that Plaintiff's deliberate indifference claim is asserted, not against Deputy Sers, but against Sheriff Jones as a basis for supervisory liability under Section 1983.[25]

A claim against a government official in his official capacity is, in actuality, a suit against the governmental entity, as the real party in interest.[26] Officials may not be held liable for the actions of subordinates via Section 1983 on the basis of respondeat superior.[26] Instead, a plaintiff seeking to impose liability upon an official in his personal or official capacity must allege facts which demonstrate deliberate indifference.[27]

---

[24]Hare v. City of Corinth, Miss., 135 F.3d 320 (5th Cir. 1998).

[25]Plaintiff's opposition [Doc. 27-1] at pp. 14-17.

[26]Kentucky v. Graham, 473 U.S. 159, 166 (1985); Goodman v. Harris County, 571 F.3d 388, 396 (5th Cir. 2009).

[26]Monell v. Department of Social Services, 436 U.S. 658 (1978).

[27]Valle v. City of Houston, 613 F.3d 536, 541 (5th Cir. 2010); Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

Supervisory liability may be alleged as: (1) failure to train or supervise the officers involved, or (2) implementation of a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[28]

Proof that plaintiff's injury would not have occurred if the offending officer had received better or additional training, without more, cannot support a finding of liability.[29] In order to establish municipal liability, a plaintiff must demonstrate:

> "(1)   the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference; and
>
> (2)   that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference."[30]

Stated differently, a plaintiff must show "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[31] In order to survive summary judgment, the court must be satisfied that the plaintiff alleges facts which, if proven at trial, meet plaintiff's burden under both prongs of the standard: a causal link between the policy and deliberate indifference to federally protected rights by the municipality.[32] Deliberate indifference is a high standard of culpability,

---

[28]Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir. 2001); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

[29]Roberts v. City of Shreveport, 397 F.3d 287 (5th Cir. 2005).

[30]Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999).

[31]Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

[32]Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 415 (1997).

requiring proof that a municipal actor disregarded a known or obvious consequence of his action or failure to act.[33]

Plaintiff's opposition to the instant motion makes eight (8) allegations regarding what are alleged to be official policies or customs for which Sheriff Jones should be held liable in his official capacity.[34] Plaintiff's allegations assert, inter alia, a "history of recklessness in the use of, and a complete disregard for any prohibitions against the use of unnecessary and excessive force."[35] Plaintiff offers no supporting evidence of this or any other similar allegation. Moreover, Plaintiff has not requested additional discovery under Fed. R. Civ. P. 56(d). We find that Plaintiff fails to meet his burden under Rule 56 and applicable jurisprudence, which requires that Plaintiff offer more than "conclusory allegations" in support of any claim in order to survive a summary judgment challenge.[36] For this reason, Defendants' motion will be granted as to Plaintiff's Section 1983 claim against Sheriff Jones in his official capacity.

D.    Punitive Damages Under Section 1983

Punitive damages are available as a responsive remedy in civil rights claims under 42 U.S.C. § 1983 in which plaintiff demonstrates that defendant's conduct is

---

[33]Id. at 410; Atteberry v. Nocona General Hospital, 430 F.3d 245 (5th Cir. 2005).

[34]Plaintiff's opposition [Doc. 27-1] at pp. 15-17.

[35]Id. at p. 16.

[36]TIG Ins. Co. v. Sedgewick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002); Little v. Liquid Air Corp., 37 F.3d 1069, 1075; SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

"motivated by evil intent" or "recklessness in its subjective form[.]"[37] We find that, given our analysis above, dismissal of Plaintiff's punitive damages claims in this matter would be improper at this time. Defendants' motion will be denied as to this issue.

E.   Plaintiff's Claim for False Arrest and Malicious Prosecution

Defendants' motion asserts that Plaintiff's claim for false arrest and malicious prosecution fails as a matter of law under both § 1983 and applicable Louisiana law. Under both § 1983 and Louisiana law, a plaintiff asserting false arrest must show that he was subjected to a warrantless arrest and the arresting officer lacked probable cause at the time of the arrest.[38] Probable cause is defined as

> facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.[39]

Neither party disputes that Deputy Sers arrested Plaintiff by taking him to the ground and forcing him to lie on his stomach, thereafter handcuffing Plaintiff behind his back. Neither party disputes that Deputy Sers did not possess a warrant for Plaintiff's arrest on the date in question. Thus, the viability of Plaintiff's false arrest claim depends upon whether Deputy Sers had probable cause to believe Plaintiff committed an offense at the time of the arrest.

---

[37]Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994) quoting Smith v. Wade, 461 U.S. 30, 56 (1983); Williams v. Kaufman County, 352 F.3d 994 (5th Cir. 2003).

[38]Club Retro, LLC v. Hilton, 568 F.3d 181 (5th Cir. 2009) citing Brown v. Lyford, 243 F.3d 185 (5th Cir. 2001); La. C. Cr. P. Art. 213(3); Gibson v. State, 758 So.2d 782, 788 (La. 2000) citing Beck v. Ohio, 379 U.S. 89 (1964), Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d 446, 452-53 (La. 1987) and State v. Wilson, 467 So.2d 503 (La. 1985).

[39]Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

Assuming the truth of Plaintiff's version of the events at issue, Deputy Sers witnessed Plaintiff punch LeVasseur and knock him out – a battery under Louisiana law.[40] Deputy Sers' version of the events, though different in some key respects as discussed above, also asserts that he witnessed Plaintiff commit a battery upon LeVasseur.[41] Accordingly, we find that the uncontroverted facts demonstrate that Deputy Sers possessed the requisite probable cause to believe Plaintiff committed a battery and, therefore, to arrest Plaintiff for that offense. Plaintiff's claims for false arrest under both 42 U.S.C. 1983 and Louisiana law fail as a matter of law, warranting a grant of Defendants' motion as to this issue and dismissal of all such claims.

Defendants' motion next asserts that Plaintiff's Louisiana law claim for malicious prosecution fails as a matter of law based on the absence of two (2) of the six (6) required elements of that cause:

(1) the commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damages conforming to legal standards resulting to plaintiff.[42]

---

[40]La. R.S. 14:33 defines battery as "...the intentional use of force or violence upon the person of another..."

[41]Deposition of Sers [Doc. 27-4] at 40:2-9.

[42]LeBlanc v. Pynes, 69 So.3d 1273, 1279 (La. App. 2 Cir. 2011).  We note that there exists no federal claim for malicious prosecution.  Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003).

Specifically, Defendants' motion argues that Plaintiff is unable to demonstrate an absence of probable cause or a bona fide termination in his favor.  Given our analysis of Plaintiff's false arrest claims above, the court agrees that Plaintiff is, as a matter of law, unable to demonstrate the absence of probable cause.  Turning to the issue of bona fide termination, we agree that this element is also foreclosed by the facts in this case. Defendants point out and Plaintiff does not dispute that the assault charges against him were dropped.[43]

Louisiana law does not consider the dismissal of charges prior to trial to be a "bona fide termination" in Plaintiff's favor.  Jurisprudence interpreting that phrase instructs that a bona fide termination in favor of the accused may only be had when the merits of the charge are reached and accused is found not guilty.[44]  Accordingly, we find that Plaintiff is unable to demonstrate the required element of a bona fide termination of proceedings in his favor.

Given these findings, Defendants' motion will be granted on the issue of Plaintiff's malicious prosecution claim, which will be dismissed with prejudice.

F.    Plaintiff's Louisiana Law Claim for Assault and Battery

"Louisiana's excessive force tort mirrors its federal...counterpart.  'The use of force when necessary to make an arrest is a legitimate police function.  But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries

---

[43]Deposition of Cobb [Doc. 27-3] at 42:24 - 43:2.

[44]Miller v. Desoto Regional Health System, 128 So.3d 649 (La. App. 3 Cir. 2013) citing Taylor v. Gregg, 36 F.3d 453 (5th Cir. 1994) and Savoie v. Rubin, 820 So.2d 486, 488 (La. 2002).

which result.'"[45]

La. C. Cr. P. Art. 220 provides:

> A person shall submit peaceably to a lawful arrest.  The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.

Similarly to federal excessive force claims, Louisiana excessive force claims are analyzed using the "reasonable force" standard as contained in Art. 220.  Factors such as: the known character of the arrestee; the risks and dangers faced by the officer; the existence of alternative methods of arrest or subduing the arrestee; the physical size, strength and weaponry of the officers as compared with that of the arrestee; and the exegencies of the moment, are considered when determining whether the force used in any case was "reasonable" under Louisiana law.[46]  Force falling outside the bounds of reasonableness  may expose a law enforcement officer to liability and damages for assault and/or battery under state law.[46]  Analysis under the Art. 220 reasonableness factors and that under the federal Graham factors are similar, such that the result on a

---

[45]Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009) quoting Kyle v. City of New Orleans, 353 So.2d 969, 972 (La. 1977).

[46]Id.

[46]Ross v. Sheriff of Lafourche Parish, 479 So.2d 506 (La. App. 1 Cir. 1985).  La. R.S. 14:33 defines battery as "...the intentional use of force or violence upon the person of another..." La. R.S. 14:36 defines assault as "...an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."

Louisiana law and federal law claim will often be the same.[47]

As discussed above, the court finds that Plaintiff was not subjected to false arrest since Deputy Sers possessed probable cause to believe Plaintiff committed a battery upon LeVasseur.  Whether or not the force used by Deputy Sers during this arrest was reasonable under the circumstances remains for determination.  As we concluded during our analysis of Plaintiff's § 1983 excessive force claim, the resolution of this disputed material fact question requires a credibility determination that this court is not authorized to make at this juncture in the case.  Accordingly, Defendants' motion will be denied as to Plaintiff's claim for assault and battery under Louisiana law, preserving such claim for further proceedings consistent with this ruling.

G.    Plaintiff's Claims for Slander and Invasion of Privacy

Plaintiff's suit alleges that Deputy Sers slandered his reputation by making the statement to EMTs and police at the scene that Plaintiff was a "druggy[.]" Defendants' motion asserts that Plaintiff is unable to demonstrate the required elements of a defamation claim under Louisiana law:

(1)    a false and defamatory statement concerning another;
(2)    an unprivileged publication to a third party;
(3)    fault (negligence or greater) on the part of the publisher; and
(4)    resulting injury.[48]

Defendants claim that Plaintiff is unable to demonstrate these elements. Plaintiff's opposition focuses on the second element, disputing that Deputy Sers' alleged

––––––––––––––––––––––

[47]Deville, 567 F.3d at 173 citing Penn v. St. Tammany Parish Sheriff's Office, 843 So.2d 1157, 1159-60 (La. App. 1 Cir. 2003).

[48]Henry v. Lake Charles American Press, LLC, 566 F.3d 164, 181 (5th Cir. 2009) quoting Kennedy v. Sheriff of E. Baton Rouge, 935 So.2d 669, 674 (La. 2006).

statement to police and EMTs at the scene of Plaintiff's arrest was a "privileged publication" as that term is defined by jurisprudence.[49]  Our review of Defendants' motion reveals no particular challenge, but only a general allegation that Plaintiff is unable to meet the four (4) elements of a prima facie case for defamation.[50]

Plaintiff's burden, in defending against a summary judgment motion, is to respond with "particular facts indicating there is a genuine issue for trial."[51]  Plaintiff's opposition notes awareness that Defendants challenge this particular claim on the basis of the truth of the alleged statement, but does not deny that the statement is, indeed, true.[52]  Plaintiff's deposition testimony reflects a similar avoidance of the issue of his past drug use, declining to answer any questions related to prior drug use under his Fifth Amendment rights at the instruction of counsel.[53]  The truth of the statement at issue is an absolute defense to a defamation claim under Louisiana law.[54]

Plaintiff's response to the instant motion and his prior deposition testimony fails to meet his burden regarding his defamation claim.  Specifically, we find that Plaintiff offers no allegation or supporting evidence that Deputy Sers' statement regarding Plaintiff's past drug use is or was false at the time it was allegedly uttered to police and

---

[49]Plaintiff's opposition brief [Doc. 27-1] at pp. 18-19.

[50]Defendants' memorandum in support of motion [Doc. 20-2] at pp. 22-23.

[51]Byers v. Dallas Morning News, Inc.,209 F.3d 419, 424 (5th Cir. 2000).

[52]Plaintiff's opposition brief [Doc. 27-1] at p. 18.

[53]See, e.g., Deposition of Cobb [Doc. 27-3] at 13:16-25.

[54]Cyprien v. Board of Supervisors ex rel. University of Louisiana System, 5 So.3d 862 (La. 2009) (internal citations omitted); Pool v. Gaudin, 24 So.2d 383 (La. 1945).

EMTs at the scene of his arrest. For this reason, we find that Defendants' motion should be granted as to Plaintiff's defamation claim and such claim should be dismissed with prejudice.

We also note that, to the extent that Plaintiff asserted any separate claim for invasion of privacy[55] in this case, no defense of this claim was included in Plaintiff's opposition brief and we consider it, accordingly, abandoned. Any purported claim for invasion of privacy under Louisiana law will, therefore, be dismissed with prejudice.

H.    Plaintiff's Claim for Intentional Infliction of Emotional Distress

Defendants' motion next challenges the sufficiency of Plaintiff's claim for intentional infliction of emotional distress under Louisiana law. In order to succeed on a claim for intentional infliction of emotional distress, Plaintiff must demonstrate:

> (1)    the conduct of the defendant was extreme and outrageous;
> (2)    that the emotional distress suffered by the plaintiff was severe; and
> (3)    that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.[56]

Defendants assert that Plaintiff offers no evidence, other than his own self-serving statements, in support of any claim of severe emotional distress. The court has carefully

---

[55]Louisiana law defines the tort of invasion of privacy as "publicity which unreasonably places the plaintiff in a false light before the public. This publicity need not be defamatory in nature, but only objectionable to a reasonable person under the circumstances. The publicity must also contain falsity or fiction." Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012, 1021 (La. App. 2 cir. 1987). We note that, like the tort of defamation, invasion of privacy also requires proof that the information shared with others is false. Given our finding that Plaintiff has failed to allege or offer proof of the falsity of allegations of his past drug use, we note this additional basis for our dismissal of such claim.

[56]White v. Monsanto Co., 585 So.2d 1205 (La. 1991).

18

reviewed Plaintiff's deposition and finds that Plaintiff admits that he has not sought any professional help for the mental and emotional distress he claims to be suffering because he was awaiting insurance coverage.[57]   Plaintiff's opposition offers no allegation of fact in support of this element of Plaintiff's claim and seeks no extension of time in which to conduct discovery on this issue under Fed. R. Civ. P. 56(d).[58]   Instead, Plaintiff merely asserts that the character of the conduct alleged in this case is extreme and outrageous.[59]

We find that Plaintiff fails to respond to the motion with allegations of fact sufficient to demonstrate a genuine issue of material fact for trial as to this particular claim. In light of this finding, the court will grant Defendants' motion as to this issue and will dismiss Plaintiff's intentional infliction of emotional distress claim with prejudice.

I.     Plaintiff's Negligence Claim Under Louisiana Law

Plaintiff's suit alleges, in the alternative, that Deputy Sers negligently caused injury to his ankle during the course of his arrest, entitling Plaintiff to damages under La. Civ. C. Art. 2315, Louisiana's general tort provision.  Negligence under Art. 2315 requires proof of the following elements of the duty/risk analysis:

> (1)     the defendant had a duty to conform to a specific standard of care;
> (2)     the defendant's conduct breached the applicable duty of care;
> (3)     the defendant's substandard conduct was the cause-in-fact of the plaintiff's injuries;
> (4)     the defendant's substandard conduct was the legal

---

[57]Deposition of Cobb [Doc. 27-3] at 53:21 - 55:16.

[58]Plaintiff's opposition brief [Doc. 27-1] at p. 19.

[59]Id.

(5)      cause of the plaintiff's injuries; and
         the plaintiff suffered actual damages.[60]

"Whether a duty is owed is a question of law."[61] An officer has a duty to act reasonably in effectuating an arrest, taking into account the totality of the circumstances in the moment, and must use that force which is necessary to carry out the arrest, while refraining from employing unnecessary force.[62]

Whether or not a duty was breached in a particular case is determined by the reasonableness of the conduct at issue.[63]   As explained above, an officer's reasonableness is evaluated according to the totality of the circumstances, including factors enunciated by the Louisiana Supreme Court in Kyle v. City of New Orleans.[64] Thus, whether or not there was breach is a fact question.[65]

The court finds that a determination of whether or not defendant breached the duty he owed in this case may not be made on the basis of the conflicting factual accounts before us.  While Plaintiff asserts that he did not struggle and that the force used against him, resulting in his broken ankle, was wholly unnecessary, Defendants assert that Plaintiff refused to submit to arrest and struggled against Deputy Sers, warranting a heightened use of force in this case.  It is the job of the fact-finder in this

_____

[60]Mathieu v. Imperial Toy Corp., 646 So.2d 318, 322 (La. 1994) (internal citations omitted).

[61]Hardy v. Bowie, 744 So.2d 606, 615 (La. 1999).

[62]Mathieu, 646 So.2d at 322 citing Kyle, 353 So.2d at 972-73.

[63]Westmoreland v. City of Natchitoches, 771 So.2d 715, 717 (La. App. 3 Cir. 2000).

[64]353 So.2d 969, 972 (La. 1977).

[65]Fowler v. Roberts, 556 So.2d 1 (La. 1989).

matter to determine which version of these contested facts is worthy of belief.

Accordingly, Defendants' motion for summary judgment will be denied on this issue and Plaintiff's claim for negligence under Louisiana law will be preserved for further proceedings consistent with this ruling.

J.    Vicarious Liability of Sheriff Jones Under Louisiana Law

Unlike its federal counterparts, Plaintiff's Louisiana law claims provide for an imposition of liability upon Deputy Sers' employer, Sheriff Jones, via the theory of respondeat superior. La. Civ. C. Art. 2320 provides that "masters and employers are answerable for the damage occasioned by their servants."[66]

Given our preservation of a portion of Plaintiff's Louisiana law claims against Deputy Sers in this case, we likewise preserve Plaintiff's claim against Sheriff Jones under the theory of respondeat superior for further proceedings. Defendants' motion for summary judgment will be denied on this issue.

K.    Plaintiff's Claim for Punitive Damages Under Louisiana Law

Defendants' motion asserts that Plaintiff's claim for punitive damages under Louisiana law should be denied and dismissed with prejudice based on Louisiana's "strong public policy against" such remedy, citing Ross v. Conoco, Inc., 828 So.2d 546, 555 (La. 2002). Plaintiff's opposition brief fails to respond to this issue.

Though we find the abandonment of a claim in motion practice a careless error, we decline to dismiss this prospective remedy at this stage, given the many factual issues which remain for determination in this case at trial. Defendants' motion will be

---

[66] Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La. 1981).

denied as to this issue.

     L.    <u>Qualified Immunity as to Louisiana Law Claims</u>

     Given our analysis regarding qualified immunity as to Plaintiff's claims under federal law, we also decline to find qualified immunity applies to Plaintiff's Louisiana law claims at this stage of litigation.[67]

**III.**    **CONCLUSION**

     Having considered the entirety of the law and argument presented by the parties in support of and opposition to Defendants' instant motion, we find that the motion should be granted in part and denied in part as explained in detail above.  The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**October 2d, 2015**

                                    **DEE D. DRELL, CHIEF JUDGE**
                                **UNITED STATES DISTRICT COURT**

---

[67]<u>Roberts v. City of Shreveport</u>, 397 F.3d 287, 296 (5th Cir. 2005).

22